IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRENE PORTER,<br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ROHAN, DIRECTOR OF PROBATION AND COURT SERVICES FOR THE CIRCUIT COURT OF COOK COUNTY, IN HIS OFFICIAL CAPACITY, LOCAL 3477 OF AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DONALD J. O'CONNELL, IN HIS INDIVIDUAL AND FORMER OFFICIAL CAPACITY AS CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY, AND TIMOTHY C. EVANS, IN HIS OFFICIAL CAPACITY AS CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY,<br>    Defendants | No.:   01 C 6992<br>Jury Trial Demand<br><br>Judge Holderman<br><br>Magistrate Judge Nolan |

## NOTICE OF FILING

To:   Melissa J. Auerbach                        Robert C. Heuer,
       Cornfield & Feldman                    Assistant States Attorney
       25 E. Washington, Ste. 1400        500 Richard J. Daley Center
       Chicago, Illinois 60602                   Chicago, Illinois 60602

**PLEASE TAKE NOTICE** that on March 8, 2002, Plaintiff filed its First Amended Complaint, with the Clerk of the United States District Court, for the Northern District of Illinois, Eastern Division.

By:_____
      Emmett J. Marshall
      178 W. Randolph
      Chicago, Illinois 60601
      312-759-0025



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRENE PORTER,<br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ROHAN, DIRECTOR OF<br>PROBATION AND COURT SERVICES<br>FOR THE CIRCUIT COURT OF COOK<br>COUNTY, IN HIS OFFICIAL CAPACITY,<br>LOCAL 3477 OF AMERICAN FEDERATION OF<br>STATE, COUNTY AND MUNICIPAL EMPLOYEES,<br>DONALD J. O'CONNELL, IN HIS INDIVIDUAL<br>AND FORMER OFFICIAL CAPACITY AS CHIEF<br>JUDGE OF THE CIRCUIT COURT OF COOK<br>COUNTY, AND TIMOTHY C. EVANS, IN HIS<br>OFFICIAL CAPACITY AS CHIEF JUDGE OF<br>THE CIRCUIT COURT OF COOK COUNTY,<br>    Defendants | No.: 01 C 6992<br>Jury Trial Demand<br><br>Judge Holderman<br><br>Magistrate Judge Nolan |

### FIRST AMENDED COMPLAINT

The Plaintiff, IRENE PORTER ("Plaintiff" or "Ms. Porter"), sues the Defendants, MICHAEL J. ROHAN ("Mr. Rohan"), DONALD J. O'CONNELL ("Mr. O'Connell"), TIMOTHY C. EVANS ("Chief Judge") and LOCAL 3477 of AMERICAN FEDERATION of STATE, COUNTY, and MUNICIPAL EMPLOYEES ("Union"), and further alleges as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action under the laws of the United States invoked pursuant to 28 U.S.C. §§ 1191, 1331, 1334, 1337, and 1343. This action is instituted pursuant to §706(f)(1) and (3), 42 U.S.C.A. § 2000e-5(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 *as* amended, 42 U.S.C.A. §§ 200e *et seq.*, *as* modified Civil Rights Act of 1991 (CRA '91), Pub. L. No. 102-166, 105 Stat.107 (1991), hereinafter referred to as Title VII; 42 U.S.C.A. §1981, hereinafter referred to as § 1981; §301 of the Labor-Management Relations Act of 1947 (29 U.S.C.A. § 185; and the First and Fourteenth Amendments of the Constitution of the United States, secured by 42 U.S.C.A. § 1983.

2. This is an action at law and in equity to redress the deprivation by Defendants of Plaintiff's rights, privileges and immunities, secured by the First and Fourteenth Amendments of the United States Constitution. Said deprivation of Plaintiff's



rights by the Defendants being at all times under the color of state law, in derogation of Plaintiff's rights secured by 42 U.S.C.A. § 1983.

3. The unlawful employment practices alleged herein were committed within the geographic district of the Northern District of Illinois within Cook County.

4. Between December 6, 2000 and January 11, 2001, Plaintiff filed timely charges (210A11009, 210A11010 and 210A11398 respectively) alleging race discrimination and retaliation under Title VII with the Equal Employment Opportunity Commission ("E.E.O.C.") and simultaneously with the Illinois Department of Human Rights ("I.D.H.R.") pursuant to their work sharing agreement under § 706 of Title VII. On or about June 9, 2001, Plaintiff received a Notices of Right to Sue which are attached hereto as Exhibit "A" and incorporated herein by reference. Copies of the charges of discrimination are attached hereto and made part hereof as Exhibit "B"

## PARTIES

5. The Plaintiff, IRENE PORTER, is at all times material hereto, was of the majority, a resident of Cook County, Illinois and a female, African-American citizen of the United States. In addition, at all times material hereto, she was employed by the Defendant, Circuit Court of Cook County, Illinois, as a training division supervisor.

6. The Defendant, MICHAEL J. ROHAN is, and at all times mentioned herein was, the Director of Probation and Court Services of the Circuit Court of Cook County, acting in both his official and individual capacities.

7. Defendant, LOCAL 3477 of AMERICAN FEDERATION of STATE, COUNTY and MUNICIPAL EMPLOYEES is, and at all times mentioned was, a labor organization representing employees in an industry affecting commerce as defined in §§ 501(1) and (3) and 2(5) of the Act (29 U.S.C.A. § 142(1) and (3) and 20 U.S.C.A. § 152(5)), and within the meaning of § 301 of the Act (29 U.S.C.A. § 185.) During all times mentioned, Defendant union was the recognized Collective Bargaining representative of the bargaining unit consisting of defendant employer's state, county, and municipal employees, including Plaintiff, employed in Defendant employer's Cook County Juvenile Probation Department.

8. The Defendant, DONALD J. O'CONNELL was the Chief Judge of the Circuit Court of Cook County, Illinois and is named in his individual and former official capacities as Chief Judge, Donald J. O'Connell was the employer of all employees of the Adult Probation Department of the Circuit Court of Cook County.

9. The Defendant, TIMOTHY C. EVANS, is the Chief Judge of the Circuit Court of Cook County, Illinois, and is named in his official capacity. The Chief Judge of the Circuit Court of Cook County is the employer of all employees of the Adult Probation Department of the Circuit Court of Cook County.

## COUNT I
## THE TITLE VII CLAIMS

The Plaintiff realleges and incorporates herein by reference the allegations contained within paragraphs 1 through 9 above, and further alleges as follows:

10. Plaintiff was hired as a stenographer by the Cook County Juvenile Probation Department on or about August 1, 1977. Ms. Porter was promoted to Probation Officer on August 16, 1979. On July 9, 1995, Ms. Porter obtained a supervisory position through her promotion to Probation Officer III. In February, 1999, Ms. Porter received her requested lateral transfer, via provisions of the Cook County's Collective Bargaining Agreement to a position of Training Supervisor within the Training Services Section of the Administrative Services Division. On or about April, 2001, Ms. Porter was forced by defendant, Mr. Rohan, to relinquish her aforementioned Training Supervisor position and to accept a supervisor position of lessor visibility, responsibility, and authority.

11. On or about February, 2000, a less senior, non-black, supervisor, similarly situated to Ms. Porter, was given more training, duties, responsibilities and higher visibility than Plaintiff. Ms. Porter was constantly excluded from her department's policy meetings and prohibited from performing multiple requests training and regulating interns. Also, Ms. Porter's aforementioned lost supervisory duties were replaced by County and Mr. Rohan with subordinate clerical duties. On or about November 21, 2000, Ms. Porter was given a written memorandum about her allegedly poor performance.

12. On August 15, 2000, Ms. Porter received a commendation from Director Rohan regarding her work performance. In 1999, Ms. Porter's work performance was appraised as effective. In 1998, Director Rohan issued a merit pay bonus, for fiscal year 1998, to Ms. Porter for her work performance having been evaluated as exceeding standards and "fine work."

13. At all times material hereto, upon information and belief, Plaintiff was the first and only African American female employed in her classification. At all times material hereto, Ms. Porter was the only supervisor required to substitute her regular Administrative Services Training Supervisor tasks for clerical duties.

14. No non-African American Administrative Services Training Supervisors were required to perform clerical or other tasks outside their job classification.

15. When Plaintiff expressed her belief that the County's demotion of her job classification's tasks and responsibilities were motivated at least in part by racial bias, County hastily conscripted Ms. Porter to participate in evaluating trainees without her being completely trained by Defendant.

16. Following Plaintiff's complaint to the E.E.O.C. about County's and Mr. Rohan's racial bias in their disparate treatment and training of her, Defendant Mr. Rohan suspended Plaintiff without pay from December 18, 2000 through December 20, 2001.

Furthermore, Cook County's other managers and supervisors, under Defendant Mr. Rohan's direction, engaged in a course of retaliating and discriminatory conduct toward Plaintiff based upon her race and E.E.O.C. complaint that was characterized by continuous harassment and threats, adversely affecting her compensation, terms, conditions, and privileges of employment, and eventually forcing Plaintiff to seek a transfer to another Department

17. At all times material hereto, Plaintiff was performing her job responsibilities in an efficient and satisfactory manner.

18. Due to Plaintiff's discriminatory treatment by the Defendants described in the preceding paragraphs, Plaintiff has retained the undersigned attorneys to prosecute this action and is obligated to pay said attorneys a reasonable fee for their services.

WHEREFORE, the Plaintiff respectfully requests:

    i. That the Court assert jurisdiction over this action.
    ii. That the Court enter an Order declaring that the discriminatory practices identified above to be in violation of Title VII, in that such practices discriminate against the Plaintiff on the basis of retaliation and her race.
    iii. That the Court enter an Order enjoining the Defendants from discriminating against the Plaintiff on the basis of retaliation and her race.
    iv. That the Court award the Plaintiff reinstatement to her former position.
    v. That the Court award the Plaintiff a reasonable attorney's fee and costs of this action.
    vi. That the Court award the Plaintiff whatever additional relief it deems just and equitable.

## COUNT II
## SECTION 1981 CLAIMS

The Plaintiff realleges and incorporates herein by reference the allegations contained within paragraphs 1 through 18 above and further alleges as follows:

19. Because the Plaintiff was treated in an intentionally discriminating manner by Defendant, Mr. Rohan, she could not obtain advancement opportunities and was thus prevented by Defendants' retaliatory acts and racial animus from enforcing her employment contract. Defendant Mr. Rohan thereby intentionally deprived her of rights that would have been accorded to a similarly situated person of a different race in violation of 42 U.S.C.A. § 1981.

20. Although the Plaintiff was as well qualified as higher rated white employees, her supervisor, Defendant Mr. Rohan, rated her lower in her evaluation on subjective criteria. Race and retaliation were determining factors in the disciplinary memorandum and three day suspension he gave to Plaintiff.

21. By addition of clerical and other demeaning duties and removal of Plaintiff's position's requisite responsibilities, the Plaintiff's job was downgraded by the Defendants' because of her E.E.O.C. complaint and race.

22. Following the Plaintiff's complaints to various officials of Cook County, her union, and the E.E.O.C. that she was being treated in a discriminatory manner by Defendant Mr. Rohan, he took retaliatory action against her for her lawful advocacy of her rights as a member of a racial minority.

23. By such continuing retaliatory treatment, Defendant Mr. Rohan exposed the Plaintiff to embarrassment, humiliation, severe anxiety, and great emotional suffering proximately caused by violation of her civil rights.

24. Defendant, Mr. Rohan, acting in the scope of his employment with the Defendant County, intentionally caused defendant County to infringe on Plaintiff's civil rights by his discriminatory interference with Plaintiff's contractual relationship with Defendant County.

25. In so doing, the Defendants acted willfully and with gross disregard for the Plaintiff's civil rights.

WHEREFORE, the Plaintiff respectfully requests:

    i. That the Court assert jurisdiction over this action.
    ii. That the Court grant the Plaintiff a jury trial on all issues so triable.
    iii. That the Court enter an Order declaring the discriminatory practices as identified above to be in violation of Section 1981, in that the Defendants' have intentionally discriminated against the Plaintiff on the basis of her

race by denying to her the same rights to enforce her employment contract as were enjoyed by the Defendants' non-African American employees.

## COUNT III
## VIOLATION OF THE FOURTEENTH AMENDMENT
## OF THE U.S. CONSTITUTION- DUE PROCESS

The realleges and incorporate herein by reference the allegations contained within paragraphs 1 through 25 above and further alleges as follows:

26. Under Illinois Law, Plaintiff has a property and/or liberty interest in her contract and Collective Bargaining Agreement, with Defendants, to have progressive discipline when appropriate receive adequate training for performance of required tasks, to be disciplined for acts that are timely and related and relevant to the discipline's severity, and to be presented with the names of the alleged witnesses who have been referenced in disciplinary/counseling meetings. Defendants denied Plaintiff due process of law when they suspended her without pay and forced her to transfer without adhering to any of the aforementioned protection of her said contractual interests. Plaintiff was not provided with adequate notices for meaningful opportunities to be heard.

WHEREFORE, Plaintiff respectfully requests:

   i. That this Court enter a judgment that Defendants' and each of them have violated Federal Law and Denied Plaintiff's right to due process.
   ii. That this Court grant Plaintiff a jury trial on all issues so triable.
   iii. That this Court enter a judgment that Defendants' and each of them have violated Federal Law and denied Plaintiff's right to due process.
   iv. That this Court award compensatory damages.
   v. That this Court award Plaintiff punitive damages for the intentional, wrongful, and illegal violations of her constitutional and statutory rights by Defendants' County and Mr. Rohan.
   vi. That this court award Plaintiff attorneys fees and costs of this action.
   vii. That the Court award Plaintiff whatever additional relief it deems just and equitable.

## COUNT IV
## VIOLATION OF THE FOURTEENTH AMENDMENT
## OF THE U.S. CONSTITUTION-EQUAL PROTECTION

The Plaintiff reallages and incorporates herein by reference the allegations contained within paragraphs 1 through 26.

27. Through denial of Plaintiff's due process, by the defendants, the Defendants' actions to suspend Plaintiff and force her to transfer were capricious and arbitrary. The reason stated by Defendants to justify their discipline of Plaintiff was arbitrary, capricious, and a pretext for their motive to discriminate unlawfully.

WHEREFORE, Plaintiff respectfully requests:

  i. That this Court assert jurisdiction over this action.
  ii. That this Court grant Plaintiff a jury trial on all issues triable.
  iii. That this Court enter a judgment that Defendants' and each of them have violated Federal Law and denied Plaintiff's right to equal protection.
  iv. That this court award compensatory damages.
  v. That this Court award Plaintiff punitive damages for the intentional, wrongful, and illegal violations of her constitutional and statutory rights by Cook County and Mr. Rohan.
  vi. That this Court award Plaintiff attorneys fees and costs.
  vii. That this Court award Plaintiff whatever additional relief it deems just and equitable.

## COUNT V
## VIOLATION OF THE FIRST AMENDMENT
## OF THE U.S. CONSTITUTION-FREEDOM OF SPEECH

The Plaintiff realleges and incorporates herein by reference the allegations contained within paragraphs 1 through 27.

28. Cook, County and Mr. Rohan's, justification for their decision to discipline and force Ms. Porter to transfer was purportedly based on his knowledge of hearsay statements ascribed to her. Ms. Porter's alleged statements were supposedly so scandalous that the Defendants could neither repeat nor record them. The fact that Ms. Porter did communicate, to others at work, in speech and writing, was the only evidence the Defendants needed to ascribe all manner of sensational statements to her. Thus, the Defendants have severely restricted Ms. Porter's right to communicate. The Defendants gag directive against Ms. Porter, at work, is a pretext for their motive to discriminate unlawfully.

WHEREFORE, Plaintiff respectfully requests:

  i. That this Court assert jurisdiction over this action.
  ii. That this Court enter a judgment that Defendants' and each of them have violated Federal Law and denied Plaintiff's right to free speech.
  iii. That this Court grant Plaintiff a jury trial on all issues triable.
  iv. That this Court award compensatory damages.
  v. That this Court award Plaintiff punitive damages for intentional, wrongful, and illegal violations of her constitutional and statutory rights by Cook, County, and Mr. Rohan.

      vi. That this Court award Plaintiff attorney's fees and costs.
     vii. That this Court award Plaintiff whatever additional relief it deems just and equitable.

## COUNT VI
## ENTITY LIABILITY

The Plaintiff realleges and incorporates herein by reference the allegations contained within paragraphs 1 through 28.

29. Defendant Michael J. Rohan is, and at all relevant times has been, a policy making official for the Circuit Court of Cook County and Probation and Court Services, and as such makes policy for said entities concerning personnel assignments within the Circuit Court of Cook County.

30. Defendant Michael J. Rohan is, and at all relevant times has been, the official to whom final decision-making authority on all trainer assignments for probation officers has been delegated by policy and/or practice, by said entities.

31. Defendant, Donald J. O'Connell was, at all relevant times, a policy making official for te Circuit Court of Cook County and Probation and Court Services, and as such makes policy for said entities concerning personnel assignments within the Circuit Court of Cook County.

32. Defendant, Timothy C. Evans is a policy making official for the Circuit Court of Cook County and Probation and Court Services, and as such makes policy for said entities concerning personnel assignments within the Circuit Court of Cook County.

33. The Courts of Cook County knew of the unlawful acts of Defendant Michael J. Rohan, and had the power to remedy them, yet failed to do so; further, said entities ratified the acts of Defendant Michael J. Rohan.

WHEREFORE, Plaintiff respectfully requests:

       i. That this Court assert jurisdiction over this action.
      ii. That this Court grant the Plaintiff a jury trial on all issues so triable.
     iii. That this Court enter a declaratory judgment that Defendants and each of them have violated Federal Law.
     iv. That this court award Plaintiff compensatory damages.
      v. That this Court award Plaintiff punitive damages for the intentional, wrongful, and illegal violations of his constitutional and statutory rights by Defendants'.
     vi. That this Court award Plaintiff attorneys fees an costs.
     vii. For such other and further relief as this court may deem just and proper.

## COUNT VII
## BREACH OF UNION'S DUTY FOR FAIR REPRESENTATION

The Plaintiff realleges and incorporates herein by reference the allegations contained within paragraphs 1 through 30.

34. Defendant employer and defendant union entered into a Collective Bargaining Agreement covering the employees, including Plaintiff, in the above-mentioned bargaining unit, which agreement was in force during the entire period involved her.

35. Articles in the Collective Bargaining Agreement mentioned herein establishes a procedure, culminating in arbitration, for the presentation, negotiation, settlement or other disposition of grievances.

36. As alleged above, Plaintiff was suspended for 3 days and forced to transfer by Defendants' on or about December 18, 2000. The notice of suspension notice stated, as the supposed reason for the suspension, that Plaintiff made inappropriate comments on a trainees evaluation form. Plaintiff denies she made any inappropriate comments on a trainee's evaluation form. She alleges on information and belief that the true reason for suspension was her race; and on several occasions, Plaintiff had mentioned, to her immediate supervisor, the County's disparities in the training and upwardly mobile carrier paths of African American and non African American supervisors. Plaintiff's immediate supervisor reluctantly thrust her deserved job responsibility, to evaluate trainees, upon her subsequently, Plaintiff was suspended for insisting on performing a required task that Defendants' would not adequately train her to perform.

37. Plaintiff protested the suspension to Defendants' union's steward serving the department in which Plaintiff was employed, a grievance was filed by Defendant union on Plaintiff's behalf. The grievance was carried to Level 4 of the grievance procedure, the final step before arbitration, without settlement.

38. On April 15, 2001, the union informed Plaintiff that her case would not be forwarded to the arbitration level.

39. Plaintiff alleges on information and belief that Defendant union, in breach of it statutory duty of fair representation owed to Plaintiff under the provisions of the agreement, conspired with Defendant County to permit Plaintiff's suspension to stand, although there was no just cause for the discharge. Negotiations between Defendant County and Defendant union were carried on in bad faith because the union president, Mike Willis, later stated he felt that he was being used by Plaintiff to get another union member. (Plaintiff's immediate supervisor) Furthermore, the union officers were secretly hostile to Plaintiff and believed she

was undeserving of their assistance, because of her previous support of competing conditions for union office.

40. As a result of Plaintiff's suspensions by Defendants' County and Mr. Rohan, in violation of Plaintiff's rights under the Collective Bargaining Agreement, and in breach by Defendant union of its duty of fair representation owing to Plaintiff; Plaintiff has suffered grievous and extensive damages.

41. Plaintiff desires to be reinstated to her former job at Defendant County, and alleges that she is entitled to such reinstatement.

42. Plaintiff has suffered and continues to suffer extreme mental stress, anxiety, depression, feelings of lack of self-worth, rejection and relegation to a second-class status due to the actions of the Defendants', and each of them. In addition, as a result of the above mental stress damages Plaintiff has been physically exhausted, run down and unable to lead her life in a normal manner.

43. For the violations of her statutory contractual, and constitutional rights, Plaintiff is entitled an award for compensatory damages.

44. Defendant, Rohan acted with malice and/or reckless disregard for Plaintiff's constitutional rights, and therefore Plaintiff is entitled to an award for punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court:

   i. Determine that Defendant County suspended Plaintiff without just cause, in breach and violation of Plaintiff's rights under the Collective Bargaining Agreement, and that Defendant union breached its duty of fair representation owing to Plaintiff in the processing of the grievance filed on Plaintiff's discharge.

   ii. award Plaintiff damages against Defendant County, and Defendant union, and Defendant Rohan, or in such proportion between then as the court may determine to be just and proper.

   iii. Order Defendant County to reinstate Plaintiff in the job previously held.

   iv. Grant Plaintiff such other and further relief as this Court deems just and proper.

## COUNT VIII
## UNION'S TITLE VII VIOLATION THROUGH ITS BREACH
## OF DUTY FOR FAIR REPRESENTATION

45. Plaintiff was discriminated against by the defendant Union for its refusal to file grievances on her behalf; and its denial to provide information to her that would have been obtained by a full and customary investigation of her charges. As a former Vice-President/Chief Steward of defendant union, plaintiff believes the union delivers a separate and unequal representation and advocacy to the grievances of its African American members.

WHERFORE, Plaintiff respectfully requests this Court:

    v.    Determine that Defendant County suspended Plaintiff without just cause, in breach and violation of Plaintiff's rights under the Collective Bargaining Agreement, and that Defendant union breached its duty of fair representation owing to Plaintiff in the processing of the grievance filed on Plaintiff's discharge.

    vi.    award Plaintiff damages against Defendant County, and Defendant

## CERTIFICATE OF SERVICE

I, Emmett J. Marshall, hereby certify that I caused the foregoing to be mailed to the person(s) listed above at their above listed address(es) on March 8, 2002.

_____
Emmett J. Marshall

Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Irene Porter<br>16913 School Street<br>South Holland, IL 60473 | From: U.S. Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, IL 60661 |

Z 178 925 874

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A11010 | Daniel McGuire, Supervisor | (312) 353-7511 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*) _____

### - NOTICE OF SUIT RIGHTS -

[ X ] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Age discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

5-27-01

John P. Rowe, District Director

Enclosures
  Information Sheet
  Copy of Charge
cc: Respondent(s)     AFSCME Council 31

EEOC Form 161 (Test 5/95)

**Equal Employment Opportunity Commission**

## DISMISSAL AND NOTICE OF RIGHTS

To: Irene Porter
16913 School Street
South Holland, IL 60473

From: U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, IL 60661

Z 178 925 875

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A11398 | Daniel McGuire, Supervisor | (312) 353-7511 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[ X ] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -

[ X ] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ ] **Age discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

5-29-01

On behalf of the Commission

John P. Rowe, District Director

Enclosures
Information Sheet
Copy of Charge
cc: Respondent(s)   Cook County Circuit Court

EEOC Form 161 (Test 5/95)

## Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

| To: Irene Porter<br>16913 School Street<br>South Holland, IL 60473 | From: U.S. Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, IL 60661 |
|---|---|

Z 178 925 875

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A11009 | Daniel McGuire, Supervisor | (312) 353-7511 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*)

### - NOTICE OF SUIT RIGHTS -

[X] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.**

[ ] **Age discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

3-29-51

John P. Rowe, District Director

Enclosures
  Information Sheet
  Copy of Charge
cc: Respondent(s)    Cook County Circuit Court

EEOC Form 161 (Test 5-95)

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 210A11398 |

Illinois Dept. of Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Irene Porter | (708) 333-5428 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 16913 School Street, South Holland, IL 60473 | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Cook County Circuit Court | Cat D (501 +) | (312) 433-4401 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1100 S. Hamilton, Chicago, IL 60612 | | 031 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST - LATEST
12/18/2000   12/18/2000
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I am a Training Supervisor and began my employment with Respondent on August 1, 1977. On December 6, 2000 I filed a race discrimination charge against Respondent, EEOC Charge #210A11009. On December 18, 2000 I was suspended three days without pay.

I believe I was retaliated against and discriminated against because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
JAN 11 2001
CHICAGO DISTRICT OFFICE

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*[signature] Irene Porter* 1/11/01<br>Date   Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day and year) |

EEOC FORM 5 (Rev. 07/99)

**RESPONDENT'S COPY**

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 210A11010 |

| Illinois Dept. of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Irene Porter | (708) 333-5428 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 16913 School Street, South Holland, IL 60473 | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Afscme #3477 | Cat A (15-100) | (312) 641-6060 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 29 North Wacker Drive, Chicago, IL 60606 | | 031 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST — LATEST
09/01/2000  12/01/2000
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I became a member of the above named Respondent in or about 1986. I am currently a union steward. In September 2000, I attempted to file a grievance. My request was denied by the Vice President/Chief Steward. On December 1, 2000, I requested that the union present to me the names of alleged accusers. The Vice President/Chief Steward refused to submit my request to my employer.

I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]* Irene Porter
12-6-00
Date   Charging Party (Signature)

SIGNATURE OF COMPLAINANT

6 2000
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)

CHICAGO DISTRICT OFFICE

EEOC FORM 5 (Rev. 07/99)

RESPONDENT'S COPY

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | 210A11009 |

<u>Illinois Dept. of Human Rights</u> and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Irene Porter | (708) 333-5428 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 16913 School Street, South Holland, IL 60473 | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| CK CTY CIRCUIT CT | Cat D (501 +) | (312) 433-4401 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1100 S Hamilton, Chicago, IL 60612 | | 031 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST - LATEST
02/01/2000    11/21/2000
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I was hired by the above named Respondent on August 1, 1978, as a Stenographer. My most recent position is Probation Officer III/Supervisor. In February 1999, I laterally transferred to the Administrative Services Division, Training Department. In or about February 2000, a newly transferred employee was given some of my duties. Respondent has subsequently given the less senior, non-Black, supervisor more training, duties and responsibilities. I have been relegated to perform clerical duties. On November 21, 2000, I was given a written memorandum relating to poor performance.

I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature] Irene Porter*
*12-6-00*

Date    Charging Party *(Signature)*

SIGNATURE OF COMPLAINANT

6 2000
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)

CHICAGO DISTRICT OFFICE

EEOC FORM 5 (Rev. 07/99)

**RESPONDENT'S COPY**